"It is my will and desire that my whole estate, both real and personal, except such as it may be necessary to dispose of to pay my just debts, remain together as joint stock of my beloved wife and children, and my farm continued under the management of my executor for their support and education, and that each one, if a son, receive his distributive share when he arrives at the age of twenty-one years, and if a daughter, when she arrives at the same age or marries — always reserving," etc.
The testator left surviving him his wife, Catherine, since intermarried with the defendant, Armstrong, and four infant children, of whom Moses Baker is guardian, as he is also the executor of said will. One of the children, David C. Baker, died at the age of six years, and the plaintiff, Petway, as his administrator, filed this petition in the County Court of Edgecombe against the said Moses as executor, Armstrong and wife, and the said infant children, alleging that as administrator he was entitled to a settlement with the said executor for his intestate's share of the fund, together with the profits, in the foregoing clause bequeathed.
The children, by their guardian, put in a joint answer, in which they insist that the plaintiff is not entitled to receive the share or any portion thereof bequeathed to David C., but that the same, on his death before the period fixed for distribution in the said clause, goes to the survivors, and should remain in the executor's hands, or if not, that the property should remain as a common fund until the (269) arrival at age of the sons, or such time as they would have arrived at age had they lived, and that David C., having died in 1845, *Page 256 
being then six years of age, the period for the payment of his share had not yet arrived.
The case was carried by appeal to the Superior Court of Edgecombe, where, having been set for hearing upon the petition and answer, and judgment pro confesso as to Armstrong and wife, Bailey, J., at the last Spring Term, gave judgment dismissing the petition at the costs of the plaintiff, and he appealed to the Supreme Court.
The will of David Baker was before this Court for construction (Armstrong v. Baker, 41 N.C. 553), and it was declared that the whole estate was given to his widow and children, subject to the restriction that it should be kept as a common fund, under the management of the executor, for the support and education of the widow and children: That in reference to the widow, if she married, she had a right to withdraw her share from the common fund, except the "town lot." This petition is filed by the administrator of the youngest child, who died at the age of six years. He insists, that by reason of the death of his intestate, he has now a right also to withdraw his share from the common fund, and that, at all events, he has a right to receive a ratable part of the profits of the property.
Assuming the legacy to be vested, the time of enjoyment, or right to receive the property, is postponed until the plaintiff's intestate arrives at the age of twenty-one years. If the intestate had lived, he could not have called for the property until he was of full age; and it is difficult to imagine any ground upon which the personal representative can have a right to call for the property sooner than his intestate if living, could have called for it.
Mr. Moore took the position, that when a legatee is entitled to the interest or income for his own use, unconnected with any other person, although the payment of the principal be postponed until the legatee shall arrive at the age of twenty-one, if the legatee dies, the (270) principal will be decreed to be paid immediately to the personal representative; because no other person being concerned in the question, and the reason for making the postponement (which is assumed to be a guard against an improvident expenditure by the legatee, before he arrived at the age of discretion), having ceased, there can be no objection to such immediate payment. The argument in support of the position is an ingenious one, but no authority was cited which sustains it; and without passing on it, it is sufficient to say, in the *Page 257 
present case, the legatee was not entitled to the interest or income "for his own use, unconnected with any other person." On the contrary, there was an intimate connection between him and his brothers and sisters; and the interest or income of the whole property was to constitute a joint stock, or common fund, to be applied, at the discretion of the executor, for their support and education.
The only question, then, is, inasmuch as one of the children is dead and can no longer receive a part of the common fund, intended for the support and education of himself and his brothers and sisters, has his personal representative a right to demand a ratable part of this common fund? or is the right of the intestate to receive a portion of this common fund for his support and education, extinguished by his death, so as to enure to the benefit of the other brothers and sisters? The only practical bearing of this question is, whether the widow, having taken off her share, can as one of the next of kin of the deceased child, call for a ratable part of the profits of the estate, which was left in the management of the executor, as a joint stock or common fund for the support and education of the children? We think it entirely clear that the widow having married, has no such right. The effect of the death of one of the children puts an end to the necessity of an application of any portion of the common fund for his support and education, and leaves a more ample fund in the hands of the executor, to be applied to the support and education of the surviving children. Such we have no doubt was the intention of the testator, and the right of the personal representative of the deceased child to have a ratable part of the profits, is inconsistent with the idea intended to be conveyed by the testator, when he used the words, "joint stock," and is also inconsistent with the power conferred on the executor to apply the common (271) fund to the support and education of the children, according to his sound discretion. These views are fully sustained by Paul v. Baker, which will be reported as a note to this case. Decree in the court below affirmed.*
PER CURIAM. Decree below affirmed.
Cited: Poindexter v. Gibson, 54 N.C. 48.
* The case of Paul and others v. Baker and others was removed to the Supreme Court, from the court of equity for Halifax County, at Fall Term, 1850, and the opinion was delivered at the December Term following.
The following are the facts relating to the points decided by this Court:
The will of Richard Smith was admitted to probate at the August Term of Halifax County Court, 1838, and the defendants at the same term qualified as executors. The bill was filed by the complainants, who are legatees under the will, and next of kin to the testator, against the defendants, for an account and settlement. In their answer, the defendants avow their readiness to settle, but desire a construction upon the following provisions of the will:
"Fourthly. I wish my farm in Florida to be kept up — the Negroes, horses, etc., to remain on the farm, and my children to be educated and supported out of the net proceeds; the balance, if any, to be converted to the payment of my debts.
"Fifthly. The balance of my estate to be equally divided between all my children, each one to draw his part as they may marry, or until my son Lawrence (Richard L.) arrives of age; then for an equal division to take place as above desired, my just debts being first paid."
The questions arising on these points are sufficiently stated in the opinion of the Court, delivered by